FILED
IN CLERKS OFFICE
2015 MAR 12 PM 3 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND,<br>Plaintiffs,<br><br>vs.<br><br>R&M EXCAVATION DB, INC. and DAVID BERTRAND, Individually,<br>Defendants. | C.A. No. 14-12811 MLW |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION TO OBTAIN AUDIT

Upon the Verified Complaint and the Memorandum in support of their Motion for Preliminary Injunction, the Plaintiffs, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary Injunction enjoining Defendants R&M Excavation DB, Inc. and David Bertrand from refusing to permit an audit of the books and records of R&M Excavation DB, Inc.

As grounds therefore, Plaintiffs states as follows:

1) Based on the foregoing Complaint and Exhibits, Plaintiffs have exhibited a likelihood of success on the merits.

2) Unless enjoined by this Court, the Defendants will continue to ignore their obligations under the terms of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and of the Restated Agreement and

[Handwritten annotation in right margin: "amount owed to plaintiffs. So long as bond need be filed. WGY. D.J. March 12, 2014"]

[Handwritten annotation at bottom: "As this motion is not opposed and, in any event, is meritorious, it is hereby ALLOWED. Defendants, and any individual or entity acting in concert with them, shall permit an audit of R&M Excavation DB Inc. books and records from May 1, 2012 to present to determine the"]

       Declaration of Trust of the Health and Welfare Fund, to which they are bound, to permit auditors to audit their books in order to verify whether they made all required contributions to the appropriate funds.

3)     There is no adequate remedy at law.

4)     The Defendants' refusal to permit an audit will result in irreparable injury, loss, and damage to the Plaintiffs.

5)     The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the Defendants but will prevent irreparable injury to the Plaintiffs, and would further the public interest.

WHEREFORE, Plaintiffs move this Court to grant a preliminary injunction compelling the Defendants and their agents to permit an audit of R&M Excavation DB, Inc.'s books and records for the period May 1, 2012 to the present to determine the amount, if any, Defendants owe the Plaintiffs. Plaintiffs further request that they be excused from posting a bond.

                           Respectfully submitted,

                           GINA M. ALONGI, as she is
ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, AND ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorneys,

/s/Gregory A. Geiman
Gregory A. Geiman
BBO #655207
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA 02053
(508) 533-1400 x140
ggeiman@local4funds.org

Dated: August 14, 2014

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that, upon information and belief, the Defendant in the above-captioned matter is not presently represented by counsel.

/s/ Gregory A. Geiman
Gregory A. Geiman

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Motion for Preliminary Injunction to Obtain Audit has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered NEF participants on this 14th day of August, 2014.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esq.